UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LISE GILBERT,
a citizen and resident of Canada,

Plaintiff,

v.

CELEBRITY CRUISES INC.,
a Liberian Corporation,

Defendant.
______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, LISE GILBERT, a citizen and resident of Canada, sues Defendant CELEBRITY CRUISES INC., a Liberian corporation with its principal place of business in Florida, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff LISE GILBERT is *sui juris* and is a resident and citizen of Canada.

3. Defendant CELEBRITY CRUISES INC. ("Defendant" or "CELEBRITY") is a Liberian corporation with its principal place of business in Miami-Dade County, Florida. Defendant CELEBRITY is both a citizen of Liberia and a citizen of Canada for purposes of determining subject matter jurisdiction over this action.

4. Subject matter jurisdiction exists, based on admiralty pursuant to 28 U.S.C. §1333. The events and injuries alleged below occurred while Plaintiff was on a vessel sailing on and


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

located within navigable waters, and arose out of a traditional maritime activity, the operation of a passenger cruise vessel.

5. At all material times, Defendant CELEBRITY has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, CELEBRITY has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, CELEBRITY requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because CELEBRITY's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action.

**<u>LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS</u>**

10. At all material times, Defendant CELEBRITY was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "ECLIPSE."

11. At all material times, Defendant CELEBRITY operated, managed, maintained and was in exclusive control of the "ECLIPSE."

12. At all material times, including the injury date of November 27, 2024, the Plaintiff was a fare paying passenger aboard the "ECLIPSE" and in that capacity was lawfully present aboard the vessel.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

13. On November 27, 2024, the Plaintiff was walking in the lawn club area, an area located on the exterior of Deck 15 of the "ECLIPSE" when she slipped and fell due to a wet, slippery, and/or transitory substance on the deck surface. As a result of her fall, Plaintiff sustained serious injuries. The deck surface contained an accumulation of surface liquid and/or condensation that was transparent or translucent and accordingly blended in appearance with the deck surface, so as not to be conspicuous. Plaintiff was watching where she was going, but could not see the wet, slippery condition of the surface before she slipped and fell because the liquid and/or condensation did not contrast in appearance with and blended visually into the deck surface, making it neither open nor obvious to reasonable passengers including Plaintiff.

14. At all material times a dangerous condition existed on the deck surface as referenced in Paragraph 13 above, to-wit: a wet, slippery, transitory, and/or foreign substance on the deck surface of Deck 15 of the "ECLIPSE." The condition was not open and obvious to reasonable passengers, including Plaintiff, because the liquid and/or condensation did not visually contrast with and blended visually into the deck surface.

15. As a direct and proximate result of the fall described in Paragraph 13, the Plaintiff was injured in and about her body and extremities, including but not limited to a fractured right femur, and suffered pain and suffering therefrom, including mental anguish, disfigurement, disability, aggravation or acceleration of preexisting conditions, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries. Future medical and health care expenses are reasonably certain to occur. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT MAINTENANCE

16. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

17. At all material times, Defendant CELEBRITY owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain its vessel, including the deck surface in the lawn club area on the ECLIPSE where Plaintiff slipped and fell, in a reasonably safe condition.

18. On November 27, 2024, Plaintiff was walking on Deck 15 as described in Paragraph 13 above when she slipped on a wet, slippery, transitory, and/or foreign substance on the deck surface.

19. At all material times, a dangerous condition existed on the deck surface as described in Paragraphs 13 and 14 above.

20. At all material times, Defendant CELEBRITY had actual and/or constructive notice of repeated safety issues giving rise to a propensity for slip and falls on similar areas and walking surfaces onboard other vessels owned or operated by CELEBRITY and/or ROYAL CARIBBEAN[1] from prior incidents, including without limitation, the following incidents:

a. On December 25, 2023, cruise passenger A.W. slipped and fell on an exterior walkway on board the "CONSTELLATION" due to an accumulation of a wet, slippery, and/or transitory substance. *Wright v. Celebrity Cruises, Inc.*, 24-cv-25000.

b. On January 2, 2022, cruise passenger B.G. slipped and fell on the floor surface of an exterior walkway onboard the "CONSTELLATION," due to the accumulation of a wet, slippery, and/or transitory substance.

[1] Celebrity Cruises, Inc. is a wholly owned subsidiary of Royal Caribbean Group, formerly known as Royal Caribbean Cruise Lines, Ltd.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

c. On December 31, 2022, cruise passenger, C.C. slipped and fell on an exterior deck surface on Deck 12 of the "EQUINOX" due to a wet, slippery, and/or transitory substance. *Cohen v. Celebrity Cruises, Inc*., 23-cv-24845.

d. On November 19, 2022, cruise passenger, L.A. slipped and fell on an exterior walkway on Deck 4 of the "INFINITY" due to the accumulation of a wet, slippery, and/or transitory substance. *Allyn v. Celebrity Cruises, Inc.,* 24-cv-20122.

e. On December 14, 2022, cruise passenger, T. B. slipped and fell on the floor surface of an exterior walkway on Deck 15 of the "EDGE" due to the accumulation of water. *Bekerman v. Celebrity Cruises, Inc.,* 24-cv-20982.

f. On December 9, 2018, cruise passenger K.C. slipped and fell on the floor surface of an exterior walkway onboard the "INFINITY" due to the accumulation of a wet, slippery, and/or transitory substance. *Conway v. Celebrity Cruises, Inc.*, 19-cv-24470.

g. On March 16, 2019, cruise passenger S.A. slipped and fell while traversing an exterior floor surface onboard the "REFLECTION," a vessel owned and operated by CELEBRITY as part of its fleet of cruise ships, due to a wet, slippery, and/or transitory substance. *Asman v. Celebrity Cruises, Inc.*, 20-cv-24431.

h. On June 19, 2023, cruise passenger, S.H. slipped and fell on the pool deck of the "EQUINOX" due to a wet walking surface. *Houghtaling v. Celebrity Cruises*, Inc. 24-cv-21915.

21. Additional evidence of notice comes from Defendant CELEBRITY's internal documents that reference the need to use control measures, including wet floor signs and anti-skid adhesive tape in troublesome areas, to reduce the incidence of slip and falls. *See* Celebrity safety documents attached hereto as **Exhibit 1**.

22. As an alternative to the allegations in the preceding paragraph, the wet, slippery deck surface on Deck 15 of the "ECLIPSE" had been present for a sufficient period of time before


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

the Plaintiff's fall described in Paragraph 13 above, such that the Defendant knew or should have known of it and had an opportunity to take corrective measures.

23. On November 27, 2024, Defendant CELEBRITY breached its duty to Plaintiff by failing to take reasonable safety measures to maintain the floor where Plaintiff slipped and fell in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

a. Failing to maintain the walking surface of the deck where Plaintiff slipped and fell in a reasonably safe condition so as to prevent slip and fall hazards;

b. Failing to use non-skid strips, slip resistant paint, or mats to prevent slip and falls from occurring;

c. Failing to inspect the walking surface where Plaintiff slipped and fell to ensure adequate slip resistance;

d. Failing to use a walking surfacing material in the area where Plaintiff slipped and fell that would provide adequate slip resistance to prevent slip and falls from occurring;

e. Failing to prevent wet, slippery, transitory, and/or foreign substances from accumulating on the walking surface where Plaintiff slipped and fell;

f. Failing to inspect, clean, and/or maintain the walking surface of the lawn club area where Plaintiff slipped, in a dry and/or clean condition;

g. Failing to conduct sufficiently frequent, timely, or adequate inspections of the lawn club area where Plaintiff slipped and fell to identify or detect potential slip and fall hazards such as the wet, slippery, transitory, or foreign substance on the deck surface;


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

h. Failing to implement and/or enforce adequate policies and procedures to ensure that the deck surface in the lawn club area on Deck 15 was safe so as to prevent slips and falls from occurring;

i. Failing to staff and deploy a sufficient number of personnel to implement and enforce adequate policies and procedures to ensure that the deck surface on Deck 15 was safe for passenger pedestrian use, so as to prevent slip and falls from occurring;

j. Failing to adequately train its crewmembers to maintain the walking surface in the area where Plaintiff slipped and fell, and adjacent areas, free of slip and fall hazards.

24. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CELEBRITY for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

**COUNT II - NEGLIGENT FAILURE TO CORRECT**

25. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

26. At all material times, Defendant CELEBRITY owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to correct dangerous conditions of which it knew or should have known about in the exercise of reasonable care.

27. On February 10, 2023, Plaintiff was walking on Deck 15 as described in Paragraph 13 above when she slipped on a wet, slippery, transitory, and/or foreign substance on the deck surface.

28. At all material times, a dangerous condition existed on the deck surface as described in Paragraphs 13 and 14 above.

29. At all material times, Defendant CELEBRITY had actual and/or constructive notice of repeated safety issues giving rise to a propensity for slip and falls on similar areas and walking surfaces onboard other vessels owned or operated by CELEBRITY and/or ROYAL CARIBBEAN[2] from prior incidents, including without limitation, the following incidents:

i. On December 25, 2023, cruise passenger A.W. slipped and fell on an exterior walkway on board the "CONSTELLATION" due to an accumulation of a wet, slippery, and/or transitory substance. *Wright v. Celebrity Cruises, Inc.*, 24-cv-25000.

j. On January 2, 2022, cruise passenger B.G. slipped and fell on the floor surface of an exterior walkway onboard the "CONSTELLATION," due to the accumulation of a wet, slippery, and/or transitory substance.

k. On December 31, 2022, cruise passenger, C.C. slipped and fell on an exterior deck surface on Deck 12 of the "EQUINOX" due to a wet, slippery, and/or transitory substance. *Cohen v. Celebrity Cruises, Inc*., 23-cv-24845.

l. On November 19, 2022, cruise passenger, L.A. slipped and fell on an exterior walkway on Deck 4 of the "INFINITY" due to the accumulation of a wet, slippery, and/or transitory substance. *Allyn v. Celebrity Cruises, Inc.,* 24-cv-20122.

---

[2] Celebrity Cruises, Inc. is a wholly owned subsidiary of Royal Caribbean Group, formerly known as Royal Caribbean Cruise Lines, Ltd.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

m. On December 14, 2022, cruise passenger, T. B. slipped and fell on the floor surface of an exterior walkway on Deck 15 of the "EDGE" due to the accumulation of water. *Bekerman v. Celebrity Cruises, Inc.,* 24-cv-20982.

n. On December 9, 2018, cruise passenger K.C. slipped and fell on the floor surface of an exterior walkway onboard the "INFINITY" due to the accumulation of a wet, slippery, and/or transitory substance. *Conway v. Celebrity Cruises, Inc.*, 19-cv-24470.

o. On March 16, 2019, cruise passenger S.A. slipped and fell while traversing an exterior floor surface onboard the "REFLECTION," a vessel owned and operated by CELEBRITY as part of its fleet of cruise ships, due to a wet, slippery, and/or transitory substance. *Asman v. Celebrity Cruises, Inc.*, 20-cv-24431.

p. On June 19, 2023, cruise passenger, S.H. slipped and fell on the pool deck of the "EQUINOX" due to a wet walking surface. *Houghtaling v. Celebrity Cruises*, Inc. 24-cv-21915.

30. Additional evidence of notice comes from Defendant CELEBRITY's internal documents that reference the need to use control measures, including wet floor signs and anti-skid adhesive tape in troublesome areas, to reduce the incidence of slip and falls. *See* Celebrity safety documents attached hereto as **Exhibit 1**.

31. On November 27, 2024, Defendant CELEBRITY breached its duty of reasonable care to correct dangerous conditions owed to Plaintiff and was thereby negligent in one or more of the following ways:

a. Failing to correct the condition of the walking surface in the area where Plaintiff slipped and fell so as to prevent slip and fall hazards;

b. Failing to inspect, clean, and dry the walking surface of the area of the lawn club area where Plaintiff slipped and fell;


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

c. Failing to remove, cordon off or otherwise ameliorate the wet or slippery floor hazard posed by the wet, slippery, transitory, or foreign substance that accumulated on the floor on Deck 15 where Plaintiff slipped and fell;

d. Negligently allowing wet, slippery, transient, and/or foreign substances to be present on the floor surface of Deck 15 where Plaintiff slipped and fell.

32. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CELEBRITY for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

**COUNT III – NEGLIGENT FAILURE TO WARN**

Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters:

33. At all material times, Defendant CELEBRITY owed the Plaintiff, as a fare paying passenger, a duty to warn passengers of hazards of which it knew or should have known in the exercise of reasonable care in areas where its passengers may reasonably be expected to encounter on the vessel.

34. At all material times, a dangerous condition existed on the floor as described in Paragraph 13 above. The unreasonably slippery condition of the floor surface at the time and place of Plaintiff's injury was neither known nor obvious to reasonable passengers traversing the area, including the Plaintiff, because the accumulated liquid and/or moisture was not visible to the reasonable passenger not closely inspecting the floor surface. Moreover, the dangerous condition


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

was not open and obvious because reasonable passengers, including Plaintiff, lacking specialized expertise in design or engineering issues would not know that the subject floor surface becomes unreasonably and dangerously slippery when wet.

35. Although signage was placed on the deck where Plaintiff fell, it was placed in an area sufficiently distant from and unrelated to the area where Plaintiff fell that a reasonable passenger, including Plaintiff, would not perceive that the signage pertained to the walking surface in the area where she was walking when she slipped and fell.

36. At all material times, Defendant CELEBRITY either knew or should have known of the dangerous wet and slippery condition in the area where the Plaintiff fell, or in the exercise of reasonable care should have known of the dangerous condition described in Paragraph 13 for the reasons alleged in Paragraphs 14 through 15, or due to the length of time the dangerous condition had existed, or both.

37. Notwithstanding Defendant CELEBRITY's actual or constructive knowledge of the dangerous condition in the deck surface in the lawn club area on the ECLIPSE where Plaintiff slipped and fell, Defendant CELEBRITY breached its duty to Plaintiff by failing to warn of the condition of the floor surface, including the area at the time and place where Plaintiff slipped and fell, and was thereby negligent, in one or more of the following ways:

a. Failing properly to warn passengers including the Plaintiff, through appropriate and appropriately placed signage, markings or oral or written warnings, of the wet, slippery condition on the deck surface in the lawn club area on Deck 15 where Plaintiff fell;

b. Failing properly to warn passengers including the Plaintiff, through appropriate and appropriately placed signage, markings or oral or written warnings;


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

c. Failing to cordon off the deck surface in the lawn club area on Deck 15 where Plaintiff slipped and fell pending its cleaning and/or drying to prevent slip and falls from occurring;

38. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CELEBRITY for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed November 24, 2025.

Respectfully submitted,

***/s/Philip M. Gerson***

PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
LEE A. WATSON
Florida Bar No. 356750
lwatson@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749

*Attorneys for Plaintiff*