UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 25-cv-25500-KMW

LISE GILBERT,

Plaintiff,

v.

CELEBRITY CRUISES, INC., a
Liberian Corporation,

Defendant.
_________________________________________/

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Plaintiff, LISE GILBERT, responds as follows in opposition to Defendant, CELEBRITY CRUISES, INC.'S Motion to Dismiss (ECF No. 11).

1. Ms. GILBERT was a passenger on CELEBRITY's cruise ship "Eclipse" when she slipped and fell on a foreign, wet, slippery and/or transitory substance. She has sued CELEBRITY for Negligent Maintenance, Negligent Failure to Correct, and Negligent Failure to Warn, leading to her slip, fall and resulting injuries including a fractured femur. (ECF No. 1 at ¶¶ 10-15, 16-38).

2. Ms. GILBERT is a citizen and resident of Canada. (ECF No. 1 at ¶ 2).

3. She purchased her ticket for the CELEBRITY voyage through a travel agency in Quebec, Canada, specifically "Le Voyagiste de Quebec." (ECF 11-1 at ¶ 23).

4. CELEBRITY has moved to dismiss the Complaint with prejudice on *forum non conveniens* grounds. CELEBRITY specifically claims that Ms. GILBERT's electronic ticket contract terms included a provision requiring Canadian passengers to bring suit exclusively in the courts of England and Wales (i.e., neither in the United States nor in Canada). Thus, CELEBRITY

wishes to compel Ms. GILBERT to refile her action in an English (or Welsh) court. (ECF 11 at 7, 20, ECF 11-1 at ¶¶ 39, 47).

5. Forum selection clauses are generally enforceable, but can be overcome if the objecting party makes a strong showing that the clause was "induced by fraud or overreach," that the party "would unfairly be deprived of her day in court" if the clause were enforced, that the "chosen law would deprive the plaintiff of a remedy" or that "enforcement of the clause would contravene public policy." *Lebedinsky v. MSC Cruises, S.A.*, 2019 U.S. Dist. LEXIS 4129 at *7, 2019 WL 9467673 (S.D. Fla. Case No. 18-cv-62522-UU, January 8, 2019), *citing Seung v. Regent Seven Seas Cruises, Inc.*, 393 Fed. Appx. 647 (11th Cir. 2010).

6. While the courts of England and Wales are no doubt competent to adjudicate civil disputes, the forum selection clause at issue requires a Canadian citizen and resident not merely to litigate in a country foreign to her, under a foreign body of law, but also to cross the Atlantic Ocean to litigate her claims.

7. CELEBRITY claims that English civil procedures would allow Ms. GILBERT to litigate fully remotely, introducing all evidence electronically and presenting the testimony of all lay and expert witnesses (apparently including herself) remotely. Even if a fully remote proceeding before a court located in the United Kingdom is technically and procedurally possible, it would effectively deprive Ms. GILBERT of the opportunity to present her case in person before the judicial officer deciding her fate. *See, e.g., Greco v. NFL*, 2018 U.S. Dist. LEXIS 236828 at *14, 2017 WL 11679599 (N.D. Tex., Dallas Division Case No. 3:13-CV-1005-M-BK, March 30, 2017) ("Courts have found live testimony far superior to video or telephone testimony and recognized that the ability to observe a party as he or she answer questions is 'an important aspect of discovery which the Court will not modify except in cases of extreme hardship.'") *cf.* Fed. R. Civ. Pro.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

43(a)("At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise," subject to exceptions for "good cause" "in compelling circumstances").

8. In order to present even her own testimony in a hypothetical English or Welsh proceeding, she would still have to travel in person across the Atlantic, incurring the associated air travel and hotel costs and visa procedures, or accept the suboptimal solution of a fully electronic and fully remote proceeding in which she, along with all other witnesses, presents testimony exclusively through videoconferencing or video deposition. If she wished to present the testimony of other lay or expert witnesses in person, she would also have to make arrangements for and incur the costs of their travel to the United Kingdom.

9. Thus, requiring a Canadian citizen to travel across the Atlantic to prosecute a case, or be forced to give up altogether the benefits of live presentation of her case in open court, will indeed unfairly deprive her of an effective remedy and her day in court. For these reasons, the Court should not enforce the forum selection clause requiring the Plaintiff to litigate in the United Kingdom.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the CM/ECF of the Court on March 6, 2026, and served upon all parties and/or counsel of record identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

***/s/ EDWARD S. SCHWARTZ***
Edward S. Schwartz, Esq.
eschwartz@gslawusa.com
Florida Bar No. 346721
Ahava Livingstone, Esq.
Florida Bar No. 1069934
alivingstone@gslawusa.com
Philip M. Gerson, Esq.
Fla. Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749

**SERVICE LIST**

**LISE GILBERT v. CELEBRITY CRUISES, INC.**
**CASE NO.: 25-cv-25500-KMW**

| | |
|---|---|
| **Philip M. Gerson, Esq.**<br>Florida Bar No. 127290<br>pgerson@gslawusa.com<br>filing@gslawusa.com<br>**Nicholas I. Gerson, Esq.**<br>Florida Bar No. 20899<br>ngerson@gslawusa.com<br>**Edward S. Schwartz, Esq.**<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>**David L. Markel, Esq.**<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>**Nicholas M. Plymale, Esq.**<br>Florida Bar No. 1057884<br>nplymale@gslawusa.com<br>Ahava Livingstone, Esq.<br>Florida Bar No. 1069934<br>alivingstone@gslawusa.com<br>**GERSON & SCHWARTZ, P.A.**<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone:(305) 371-6000<br>Facsimile:(305) 371-5749<br>***Attorneys for Plaintiff*** | **Jerry D. Hamilton, Esq.**<br>Florida Bar No. 970700<br>jhamilton@hamiltonmillerlaw.com<br>**William F. Clair, Esq.**<br>Florida Bar No.: 693741<br>Wclair@hamiltonmillerlaw.com<br>**Douglas K. Scheller, Esq.**<br>Florida Bar No.: 1047851<br>dscheller@hamiltonmillerlaw.com<br>**Hamilton, Miller & Birthisel, LLP**<br>150 Southeast Second Avenue, Suite 1200<br>Miami, Florida 33131-2332<br>Telephone: 305-379-3686<br>Facsimile: 305-379-3690<br>***Attorneys for Defendant*** |