**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 25-cv-25500-KMW**

LISE GILBERT,
a citizen and resident of Canada,

Plaintiff,

v.

CELEBRITY CRUISES, INC., a
Liberian Corporation,

Defendant.
_________________________________/

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, CELEBRITY CRUISES, INC., ("Celebrity"), by and through undersigned counsel, respectfully submits this Reply in further support of its Motion to Dismiss Plaintiff's Complaint [Docket Entry Number ("DE") 11] ("Motion"), based on the doctrine of *forum non conveniens* pursuant to a forum selection clause in the applicable Cruise Ticket Contract ("Ticket Contract") accepted by Plaintiff prior to the sailing, and states as follows:

**Introduction**

Plaintiff's Opposition [DE 14] fails to meaningfully engage with the controlling legal framework governing enforcement of forum-selection clauses in maritime passenger contracts. The governing authorities cited in Defendant's Motion make clear that such clauses are presumptively valid and enforceable and may only be disregarded upon a strong showing that enforcement would be unreasonable under one of the narrow exceptions recognized by the Supreme Court and the Eleventh Circuit. Instead, Plaintiff attempts to avoid enforcement by conflating the distinct exceptions of grave inconvenience and deprivation of a meaningful remedy into a generalized claim of unfair deprivation of an effective legal remedy.

Rather than attempting to meet that heavy burden, Plaintiff advances only a generalized assertion that litigating in England and Wales would require transatlantic travel and could involve remote testimony. That argument is insufficient as a matter of law. Courts applying federal maritime law consistently enforce forum-selection clauses requiring litigation in foreign jurisdictions—even where the plaintiff resides in and the cruise departed from the United States. The inconvenience associated with travel or litigation abroad is precisely the type of foreseeable burden that the Supreme Court has held cannot defeat a valid forum-selection clause.

This case is an even stronger candidate for enforcement than those in which the Eleventh Circuit has compelled compliance with materially similar clauses, such as *Turner v. Costa Crociere S.p.A.*, 9 F.4th 1341 (11th Cir. 2021). Plaintiff is not a U.S. resident, the vessel is foreign-flagged, and the designated forum is not Celebrity's "home turf." Yet Plaintiff seeks to litigate in the Southern District of Florida in defiance of the agreed clause—an archetypal example of forum shopping.

More fundamentally, Plaintiff's response fails to dispute the core factual and legal predicates underlying Defendant's Motion. Plaintiff does not contest that she accepted the applicable Cruise Ticket Contract prior to boarding the vessel, does not challenge the validity of the clause itself, does not allege fraud or overreaching in its formation, and does not contend that the courts of England



HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

and Wales would deprive her of any specific remedy. Because Plaintiff has not met—nor even attempted to meet—the heavy burden required to avoid enforcement, dismissal is required.

**I. Plaintiff Fails to Apply the Governing Legal Framework**

Plaintiff begins her Opposition by acknowledging that forum-selection clauses are generally enforceable but then proceeds to analyze the issue under a seemingly generalized fairness inquiry rather than the controlling framework established by the Supreme Court and applied repeatedly by the Eleventh Circuit.

Where a mandatory forum-selection clause governs the parties' dispute, the analysis proceeds in two distinct steps. First, under *The Bremen* and its progeny, the clause is "presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.,* 579 F.3d 1279, 1281 (11th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991); *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Second, once presumptive validity is established, the Court applies the modified forum non conveniens framework articulated in *Atlantic Marine Construction Co. v. U.S. District Court*, 571 U.S. 49 (2013), and applied in *Turner*, under which the plaintiff's choice of forum carries no weight and private interest factors are deemed to favor the contractual forum.

Plaintiff's Opposition does not meaningfully address this framework. Instead, Plaintiff offers only conclusory assertions regarding travel inconvenience (although not directly stated as inconvenient) and speculative concerns about remote testimony. Those arguments do not satisfy either the stringent standard required to invalidate a forum-selection clause, nor do they constitute the "extraordinary circumstances" required to overcome enforcement in accordance with Supreme Court precedent. *See Atlantic Marine*, 571 U.S. at 62. Plaintiff appears to have merely acquiesced to the presumptive validity, and made a faint, yet unexpressed attempt to show 'extraordinary circumstances'.

The absence of any meaningful legal analysis is particularly significant given that federal courts—including the Eleventh Circuit and courts within this District—have repeatedly enforced materially identical cruise ticket forum clauses requiring litigation outside the United States. As Defendant's Motion demonstrates, those cases compel dismissal here.


HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## II. Plaintiff Does Not Dispute That the Forum-Selection Clause Is Valid or Was Reasonably Communicated

Equally significant is what Plaintiff's Opposition does not argue. Plaintiff does not dispute that she accepted the applicable Cruise Ticket Contract prior to the sailing, nor does she challenge the validity of the forum-selection clause contained within that Cruise Ticket Contract beyond the contention that she will be "unfairly deprive her of an effective remedy and her day in court."

The Motion established through sworn declaration of an authorized representative of Celebrity that Plaintiff, through her authorized travel agent, completed the online check-in process and affirmatively accepted the Cruise Ticket Contract as a condition of boarding the vessel. The evidence further demonstrated that Plaintiff was directed to the Cruise Ticket Contract on multiple occasions during the booking and pre-boarding process, including booking confirmations, the online check-in portal, and subsequent pre-sailing communications.

Plaintiff's Opposition does not contest these facts.

Under longstanding maritime precedent, contractual limitations contained within passenger ticket contracts are enforceable where the terms were reasonably communicated to the passenger. Courts routinely hold that passengers are bound by such terms even where the ticket contract was received or accepted by a travel agent acting on the passenger's behalf. Plaintiff's silence on this point is therefore telling. Because the Cruise Ticket Contract was reasonably communicated and affirmatively accepted, the forum-selection clause contained therein is fully enforceable.

## III. Plaintiff's Argument Regarding Travel to England Does Not Establish Grave Inconvenience

Plaintiff's sole substantive argument is that enforcement of the forum-selection clause would require a Canadian citizen to travel across the Atlantic Ocean to litigate her claims or otherwise participate in proceedings remotely. That contention falls far short of the "grave inconvenience" required to invalidate a forum-selection clause.

The Supreme Court has made clear that a forum-selection clause may be disregarded only where enforcement would be so gravely difficult and inconvenient that the plaintiff would effectively be deprived of her day in court. *See The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17–18 (1972). Routine travel burdens or litigation costs do not satisfy this demanding standard. Indeed, the very purpose of a forum-selection clause is to allocate foreseeable litigation burdens in advance and provide certainty regarding the forum in which disputes will be resolved.



HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Consistent with this principle, federal courts applying maritime law have repeatedly enforced clauses requiring litigation in foreign jurisdictions even where the plaintiff resides elsewhere, witnesses are located in different countries, or international travel may be required. The Eleventh Circuit's decision in *Turner v. Costa Crociere S.p.A.* is particularly instructive. There, the court enforced a forum-selection clause requiring litigation in Italy despite the plaintiff being a United States resident and the cruise departing from a United States port. *Turner,* 9 F.4th at 1344. The Court explained that the foreseeable inconvenience associated with litigating abroad does not invalidate a contractually agreed forum. *Id.* at 1346.

The circumstances here present an even stronger case for enforcement. Plaintiff is not a United States resident, the vessel involved is foreign-flagged, and the parties expressly agreed that any disputes arising from the cruise would be litigated exclusively in the courts of England and Wales. Plaintiff's attempt to proceed in the Southern District of Florida therefore directly contravenes the parties' contractual agreement.

Notably, Plaintiff has not even attempted to approach the "grave inconvenience" threshold required to defeat enforcement. Her Opposition is unsupported by any declaration attesting to alleged hardship, identifies no witnesses who would be required to travel internationally, and offers no substantive analysis of travel burdens, comparative costs, procedural obstacles, or lack of compulsory process. This omission is telling. The party seeking to avoid a forum-selection clause bears a heavy burden of proof, yet Plaintiff provides no evidentiary basis whatsoever to support her claim, nor even expressly states that travel or videoconferencing presents any inconvenience.

Nor could she plausibly do so. Plaintiff resides in Canada, meaning that travel to both London and Miami would require international flights and significant transit time. Neither forum presents a unique or extraordinary burden. In practical terms, the difference between litigating in London versus Miami reflects little more than a difference in destination for an international traveler. Plaintiff's position therefore amounts to nothing more than a preference for one forum over another, not the type of grave hardship required to overcome a valid contractual forum-selection clause.

Plaintiff's suggestion that litigating in England might require remote testimony or travel expenses likewise fails to demonstrate any deprivation of remedy. Courts routinely reject such arguments where the alternative forum provides a fair and adequate judicial system capable of adjudicating the dispute. Plaintiff does not contend that English (or Wales) courts lack jurisdiction,


HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

that they cannot provide an appropriate remedy, or that the applicable law would deprive her of substantive rights. Her argument therefore collapses into a simple claim of unalleged inconvenience—an argument squarely foreclosed by controlling precedent.

**IV. Plaintiff Has Not Demonstrated Any Basis to Disregard the Parties' Agreement**

In sum, Plaintiff has not presented any "strong showing" of the recognized grounds for invalidating a forum-selection clause. *See Lebedinsky v. MSC Cruises, S.A.,* 789 F. App'x 196, 200 (11th Cir. 2019). She does not allege fraud or overreaching in the formation of the contract. She does not argue that English law would deprive her of a specific remedy. She does not identify any public policy that would be violated by enforcing the clause. Nor has she shown that litigating in England would be so gravely difficult that she would effectively be deprived of her day in court.

Instead, Plaintiff asks this Court to disregard the parties' contractual agreement based solely on factors of inconvenience associated with litigating abroad, which is a foregone conclusion no matter the decision of this Court, given the Southern District Court of Florida is foreign to her. The Supreme Court and the Eleventh Circuit have repeatedly rejected precisely that argument.

Because the forum-selection clause is valid, mandatory, and directly applicable to Plaintiff's claims, and because Plaintiff has failed to demonstrate any extraordinary circumstance justifying non-enforcement, dismissal under the doctrine of forum non conveniens is required.

**Conclusion**

WHEREFORE, Defendant, CELEBRITY CRUISES, INC., respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint *with prejudice*, and for all other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

***/s/ Douglas K. Scheller***

Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William Clair, Esq.
Florida Bar No.: 693741
wclair@hamiltonmillerlaw.com
Douglas K. Scheller, Esq.
Florida Bar No.: 1047851
dscheller@hamiltonmillerlaw.com

**HAMILTON, MILLER & BIRTHISEL, LLP**
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 13, 2026 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/***Douglas K. Scheller***
Douglas K. Scheller

**SERVICE LIST**

| | |
|---|---|
| Phillip M. Gerson, Esq.<br>Florida Bar No. 127290<br>pgerson@gslawusa.com<br>filing@gslawusa.com<br>Nicholas I. Gerson, Esq.<br>Florida Bar No. 0020899<br>ngerson@gslawusa.com<br>Edward S. Schwartz, Esq.<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>David Markel, Esq.<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>Lee A. Watson, Esq.<br>Florida Bar No. 356750<br>lwatson@gslawusa.com<br>**GERSON & SCHWARTZ, P.A.**<br>1980 Coral Way<br>Miami, FL 33145-2624<br>Telephone: (305) 371-6000<br>Facsimile: (305) 371-5749<br>***Attorney for Plaintiff*** | Jerry D. Hamilton<br>Florida Bar No. 970700<br>jhamilton@hamiltonmillerlaw.com<br>William Clair, Esq.<br>Florida Bar No.: 693741<br>wclair@hamiltonmillerlaw.com<br>Douglas K. Scheller, Esq.<br>Florida Bar No.: 1047851<br>dscheller@hamiltonmillerlaw.com<br>**HAMILTON, MILLER & BIRTHISEL, LLP**<br>150 Southeast Second Avenue,<br>Suite 1200<br>Miami, Florida 33131<br>Telephone: (305) 379-3686<br>Facsimile: (305) 379-3690<br>***Attorneys for Defendant*** |