**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 1:25-cv-25500-WILLIAMS/LETT**

LISE GILBERT,

Plaintiff,

v.

CELEBRITY CRUISE, INC.,

Defendant.
_______________________________/

**AMENDED[1] REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS**

In this maritime personal injury action, Defendant Celebrity Cruise, Inc. ("Defendant" or "Celebrity") filed a motion to dismiss Plaintiff Lise Gilbert's ("Plaintiff") Complaint ("MTD") based on *forum non conveniens* grounds [ECF No. 11]. Plaintiff filed a response in opposition [ECF No. 14], and Defendant filed a reply in support of the MTD [ECF No. 17]. United States District Judge Kathleen M. Williams referred the motion to the Undersigned for a report and recommendation. *See* Referral Order, ECF No. 15.

For the reasons stated below, the Undersigned, after reviewing the parties' arguments, relevant caselaw, and otherwise being fully advised in the premises,

[1] Amended to clarify that dismissal should be without prejudice. *See Chazen v. Deloitte & Touche, LLP*, No. 03-11472 EE, 2003 WL 24892029 (11th Cir. Dec. 12, 2003) (holding that "dismissal with prejudice ... should not accompany a dismissal based on forum non conveniens")

respectfully recommends that the District Court **grant** Defendant's motion to dismiss without prejudice.

## I. Background

Lise Gilbert ("Plaintiff") brings this claim for negligence against Celebrity for injuries she allegedly sustained on or about November 27, 2024, while aboard a cruise in navigable waters onboard the *Celebrity Eclipse*. Compl. ¶¶ 4,10-13, ECF No. 1. Prior to the cruise, on October 11, 2024, Plaintiff, through her authorized representative, completed the online check-in process for her cruise onboard the *Celebrity Eclipse*, and clicked a check box affirmatively accepting the Cruise Ticket Contract applicable to her sailing as Canada being her Primary Country f Residence[2]. Decl. of Karen Blanchette ("Blanchette Dec.") ¶¶ 29-32, ECF No. 11-1.

Defendant filed the MTD seeking to dismiss the Complaint in its entirety because the ticket contract between Plaintiff and Celebrity contains a forum selection clause that requires all suits for personal injuries arising out of the subject cruise to be litigated in and before the Courts of England and Wales. *See generally* MTD.

## II. Legal Standard

"The doctrine of forum non conveniens permits a court with venue to decline to exercise its jurisdiction when the parties' and court's own convenience, as well as the relevant public and private interests, indicate that the action should be tried in a different forum." *Pierre–Louis v. Newvac Corp.*, 584 F.3d 1052, 1056 (11th Cir.2009).

---

[2] The Court notes that Plaintiff does not dispute the factual allegations within the Declarations of Karen Blanchette [ECF No. 11-1] and Gareth Thomas [ECF No. 11-9], and the exhibits thereto. *See generally* Resp. to MTD, ECF No. 14.

To obtain dismissal on the grounds of *forum non conveniens* Defendant must show:

> (i) that an adequate alternative forum is available, (ii) that relevant public and private interests weigh in favor of dismissal, and (iii) that the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. Pertinent private interests of the litigants include relative ease of access to evidence in the competing fora, availability of witnesses and compulsory process over them, the cost of obtaining evidence, and the enforceability of a judgment. Relevant public interests include the familiarity of the court(s) with the governing law, the interest of any foreign nation in having the dispute litigated in its own courts, and the value of having local controversies litigated locally.

*Id*. (quoting *Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1356–57 (11th Cir.2008)).

Generally, private and public interests should be considered in all cases. S*ee* *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir.2001). Moreover, in evaluating the private and public interests implicated by the venue of the litigation, "the district judge must consider the level of deference to accord the plaintiff's choice of forum." Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3828 (3d ed.2007). However, "when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tx.*, 571 U.S. 49, 63, 134 S. Ct. 568, 582, 187 L. Ed. 2d 487 (2013).

## III. Analysis

### A. Availability of an Adequate Alternative Forum

"Availability and adequacy warrant separate consideration." *Leon,* 251 F.3d at 1311. An alternative forum is "'available' to the plaintiff ... 'when the defendant is "amenable to process" in the other jurisdiction.'" *Id.* (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n.22, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)). The alternative forum is adequate unless "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Id.* at 254.

Defendant contends the courts of England and Wales are independent, fair and impartial, and highly experienced in dealing with complex international disputes, including those involving conflict of law and jurisdiction issues and the application of foreign laws. *See* Decl. of Gareth Thomas ("Thomas Dec.") ¶¶ 15-19, 31-37, ECF No. 11-9. Defendant also consents to the litigation proceeding in England and Wales (including service of process), and it will not object to jurisdiction, venue, nor the Plaintiff requesting that any part of a hearing before the court in England and Wales be conducted remotely, including the provision of fact and/or expert witness evidence, as applicable. MTD. at 19; Blanchette Dec. ¶47. Additionally, this Circuit holds that English law provides adequate remedies. *Lipcon v. Underwriters at Lloyd's*, 148 F.3d 1285, 1297 (11th Cir. 1998) ("Like the seven other courts of appeals that have addressed this issue, we hold that English law provides remedies adequate to address the complaints of the aggrieved [plaintiffs].").

Plaintiff offers no rebuttal to this argument, and concedes that the England and Wales Court are competent to adjudicate civil disputes (Resp. ¶ 6); accordingly, this Court deems Defendant's arguments as unopposed. *See Solar Eclipse Inv. Fund VII, LLC v. T-Mobile USA, Inc.*, No. 20-25257-CIV, 2021 WL 4067911, at *7 (S.D. Fla. Aug. 16, 2021), *report and recommendation adopted sub nom.*, *Solar Eclipse Inv. Fund VII, LLC v. T-Mobile USA, Inc.*, No. 20-CV-25257, 2021 WL 4050820 (S.D. Fla. Sept. 5, 2021); *see also Kramer v. Gwinnett Cty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."), *aff'd*, 116 F. App'x 253 (11th Cir. 2004) (table decision); *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001); *Jones v. Bank of America*, N.A., 564 F. App'x 432, 434 (11th Cir. April 25, 2014) (granting defendant's motion for summary judgment where plaintiff failed to respond to an argument raised in defendant's motion).

In light of the above, the Court finds that England and Wales is both an available and adequate alternative forum.

**B. Balance of Public and Private Interests**

"In the typical case not involving a forum-selection clause, a district court considering a forum non conveniens motion must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*[3], 571 U.S. at 63.

[3] Although the Supreme Court embarks on a § 1404(a) analysis, the same analysis applies to the instant MTD. *Atl. Marine*, 571 U.S. at 61 ("Because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a

"Factors relating to the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* (citing to *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n.6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)).

"Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Atl. Marine*, 571 U.S. at 63. "The Court must also give some weight to the plaintiffs' choice of forum." *See Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

"Ordinarily, the district court would weigh [these] relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine*, 571 U.S. at 63. The analysis changes, however, when the "parties' contract contains a valid forum-selection clause, which represents the parties['] agreement as to the most proper forum…The enforcement of valid forum-selection clauses, bargained for by the

---

nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum.").

parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* (citations omitted) (internal quotations omitted).

Here, Plaintiff's choice of forum merits no weight because she agreed by contract to bring suit in a specified forum and exercised her "venue privilege" before the dispute arose. *Atl. Marine*, 571 U.S. at 64; *see generally* MTD. Accordingly, "only that initial choice deserves deference." *Atl. Marine*, 571 U.S. at 64.

While Plaintiff alleges conducting a remote proceeding is "suboptimal" and traveling across the Atlantic to present her testimony in person will incur costs (Resp. ¶¶ 7-9), such an argument is waived. *Atl. Marine*, 571 U.S. at 64. In fact, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.*

Consequently, this Court can only consider public-interest factors. *Id.* Plaintiff, however, has not set forth any public interest factors for the Court's consideration. *See generally* Resp. Even if she did, these factors, "rarely defeat" a *forum non conveniens* motion and the practical result is that the forum selection clause should control "except in unusual cases." *Atl. Marine*, 571 U.S. at 64. Because Plaintiff alleges no further argument in its two-and-a-half-page response, the Court's analysis ends here[4].

---

[4] Plaintiff does not dispute entering into the parties' ticket contract, the validity of the ticket contract, or her knowledge/notice of the ticket contract. *Compare* MTD. *with* Resp. Accordingly, these arguments are unopposed. *Solar Eclipse*, 2021 WL

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Id*. at 66.

The Undersigned, consequently, respectfully recommends that the Court grant Defendant's motion to dismiss without prejudice. *See Chazen,* 2003 WL 24892029.

## IV. Conclusion

The United Kingdom is an adequate and available alternative forum for the parties. *See Atl. Marine*, 571 U.S. 49; *see e.g. Rolls-Royce Com. Marine, Inc. v. New Hampshire Ins. Co.*, No. 09-61329-CIV, 2010 WL 5067608, at *10 (S.D. Fla. Dec. 7, 2010) ("[t]he United Kingdom is an adequate and available alternative forum.").

Accordingly, the Undersigned respectfully **RECOMMENDS** that the District Court **GRANT *without prejudice*** Defendant's Motion to Dismiss and respectfully direct the Clerk to **CLOSE** the case.

## V. Objections

The parties have seven (7) days from the date of being served with a copy of this Amended Report and Recommendations within which to file written objections,

---

4067911, at *7; *see also Kramer*, 306 F. Supp. 2d at 1221; *Hudson*, 209 F. Supp. 2d at 1324; *Jones*, 564 F. App'x at 434.

if any, with Judge Williams. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by Judge Williams of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error, if necessary, in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**SUBMITTED** in Chambers in Miami, Florida on this 21st day of August, 2026.

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record