**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 25-25500-CV-WILLIAMS**

LISE GILBERT,

PLAINTIFF,

V.

CELEBRITY CRUISES, INC.,

Defendant.
_______________________________/

**ORDER**

**THIS MATTER** is before the Court on Magistrate Judge Enjoliquè A. Lett's Amended Report and Recommendations (DE 28) ("***Report***") on Defendant Celebrity Cruises Inc.'s Motion to Dismiss ("***Motion***") (DE 11). Upon review of the Report, the Objections, the record, and applicable law, Judge Lett's Report is **AFFIRMED AND ADOPTED**.

## I. BACKGROUND

In this maritime personal injury action, Plaintiff alleges that she was injured aboard Defendant's vessel. (DE 1 ¶¶ 13–15). Plaintiff states that on November 27, 2024, she slipped and fell while "walking in the lawn club area" due to an allegedly "wet and/or slippery, transitory substance" that could not be seen by a reasonable passenger. (*Id.* ¶ 13). Plaintiff further alleges that her injuries were caused by her slip and resulting fall. (*Id.* ¶ 15). The Complaint asserts three counts against Defendant for negligent maintenance (Count I), negligent failure to correct (Count II), and negligent failure to warn (Count III). (*Id.* ¶¶ 16–38).

On February 12, 2026, Defendant sought dismissal of Plaintiff's complaint,

maintaining that a forum selection clause compels dismissal. (DE 11 at 2).[1] Upon referral from the Undersigned, Judge Lett issued a Report recommending that the Motion be granted without prejudice. (DE 28 at 8). On August 28, 2026, Plaintiff filed objections to the Report ("***Objections***"), asserting five (5) objections: (1) the Report errs by treating enforceability as unopposed; (2) England and Wales has no connection to this dispute and would be unreasonable; (3) the record does not establish the remedy available under the chosen law; (4) the Report did not weigh the public-interest factors; and (5) that dismissal should be conditioned and subject to reinstatement. (DE 30 ¶¶ 7–30). Upon review of the Report, the Objections, and for the reasons set forth below, this Court overrules each of Plaintiff's objections.

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). Under the Southern District of Florida Local Rules, objections must also cite to the relevant supporting legal authority. S.D. FLA. MAG. J. R. 4(a). When a party timely objects to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Upon review, the Court finds each of Plaintiff's asserted bases unpersuasive. The

[1] The Court's page references correspond to the CM/ECF pagination that appears at the top of all filings.

Court addresses each in turn.

### *A. Plaintiff's first objection does not establish that the forum selection clause is unenforceable.*

Plaintiff asserts that the Report ignored Plaintiff's enforceability argument concerning the forum selection clause in Plaintiff's ticket contract, and therefore, this Court should conduct a *de novo* review of the clause's enforceability. (DE 30 ¶¶ 7–11). Plaintiff urges the Court to determine enforceability under the standard set forth in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) (enforcing a forum selection clause after first noting that there was "nothing in the record presently before [the Court] that would support a refusal to enforce the forum clause"). Through her objections, Plaintiff asserts that her arguments made in opposition to Defendant's Motion to Dismiss may overcome the presumption that the forum selection clause is enforceable. (DE 30 ¶¶ 7–11). These arguments concerned plaintiff's relationship to the chosen forum, and the burdens and consequences Plaintiff may face if required to litigate in the chosen forum. (*Id*. ¶ 9).

The Court is unpersuaded by Plaintiff's challenge to the forum selection clause's enforceability. Under Eleventh Circuit precedent, a plaintiff can defeat a forum selection clause's presumptive validity and enforceability "by showing that (1) the clause was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Turner v. Costa Crociere S.p.A.*, 9 F.4th 1341, 1345 (11th Cir. 2021).

Plaintiff's arguments regarding her relationship with the chosen forum and the burdens faced if required to litigate there primarily concern the second above-mentioned

factor: Plaintiff would be deprived of her day in court because of inconvenience or unfairness. Plaintiff's invocation of the second factor is not only evident in her objections, but also in her opposition to Defendant's motion to dismiss—where she first raised her contentions. Specifically, Plaintiff's opposition to the Motion to Dismiss states: (1) the clause requires "a Canadian citizen and resident not merely to litigate in a country foreign to her, . . . but also to cross the Atlantic Ocean to litigate her claims;" and (2) "she would . . . have to travel in person across the Atlantic, incurring the associated air travel and hotel costs and visa procedures." (DE 14 ¶¶ 6, 8). Plaintiff also claims an alternative videoconference option would be a "suboptimal solution." (*Id*. ¶ 8). These arguments do not satisfy Plaintiff's heavy burden to overcome the clause's presumption of enforceability.

It is well established that "[a] plaintiff who relies on inconveniences that were 'foreseeable at the time of contracting' in order to meet this burden can prevail only by showing 'that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *Turner*, 9 F.4th at 1346 (citing *Bremen*, 407 U.S. at 17–18, 92 S.Ct. 1907). Here, neither Plaintiff's opposition nor objections argue that, at the time of signing her ticket contract, she did not foresee the possibility of incurring air, hotel, and visa cost if she were to litigate a claim arising from a "vessel sailing on and located within the navigable waters." (DE 1 ¶ 4). Moreover, Plaintiff does not specifically detail the actual burden she would face if required to travel "across the Atlantic" or incur cost associated with "air travel and hotel costs and visa procedures." (DE 14 ¶ 8). Therefore, Plaintiff does not establish grave difficulty or inconvenience that would deprive her of her day in court. As a result, the

Court overrules Plaintiff's first objection.

### *B. Plaintiff's second objection does not defeat enforcement of the forum selection clause.*

Plaintiff's next objection closely resembles her first. She argues that the chosen forum is a remote alien forum with no connection to this dispute. (DE 30 ¶¶ 12-19). Plaintiff also, for the first time, argues that the circumstances in which Plaintiff signed the ticket contract was "induced by fraud or overreach." (*Id*. ¶ 16). As discussed below, the Court rejects Plaintiff's second challenge to the Report on these bases.

At the outset, the Court will not consider arguments that were not raised in Plaintiff's opposition to the Motion to Dismiss and, therefore, were not before Magistrate Judge Lett. Here, Plaintiff argues that enforcing the ticket contract is unreasonable because the contract was accepted under unfavorable conditions in which rejection would cost Plaintiff three quarters, if not all, of her ticket fare. However, Plaintiff's opposition to the Motion to Dismiss is silent as to any argument concerning Plaintiff's willingness to accept the ticket contract. Instead, Plaintiff's opposition focuses on the very inconveniences raised in Plaintiff's first objection to the Report. *See supra* III(A). As a result, the Report did not analyze the newly raised argument, and this Court, at this juncture, will not consider the argument on *de novo* review.

Turning to Plaintiff's contention that the Court should "weigh, as part of the reasonableness inquiry . . . that a Canadian passenger was directed to an English forum by a form term she could no longer decline without substantial cost, in a dispute to which that forum bears no relation," (DE 30 ¶ 19), the Court is unmoved. As noted above, the Court will not consider Plaintiff's improperly raised fraud argument. Moreover, the same rationale used to reject Plaintiff's first objection is applicable here: mere inconvenience

does not overcome the presumption that forum selection clauses are valid and enforceable. Further, the fact that the relationship between English and Wales and this dispute may be more attenuated than the relationship to Florida is of no consequence where other considerations equally militate against disrupting the Parties' chosen forum. These considerations include: (1) Plaintiff is a Canadian passenger asserting a claim against a Liberian company; (2) the injury occurred in international waters, not Florida; (3) Defendant maintains a subsidiary office in England and Wales; and (4) according to Defendant, Plaintiff signed a ticket contract that was specific to Canadian residents. Accordingly, Plaintiff has not satisfied her "heavy burden of proof" to deem the parties' forum selection clause unenforceable. *Turner*, 9 F.4th at 1346.

***C. Plaintiff's third and fourth objections improperly raise new arguments.***

Plaintiff's third objection challenges the Report by arguing, for the first time, that the record does not establish the remedy available under the chosen law. (DE 30 ¶¶ 20–21). Likewise, Plaintiff's fourth objection argues that the Report did not consider public interest factors, which Plaintiff attempts to articulate for the first time in its objections. (*Id.* ¶¶ 22–23). The Court addresses Plaintiff's third and fourth objections in tandem because they similarly suffer from a fatal flaw: both arguments were raised for the first time in Plaintiff's objections to the Report. "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). The Court declines to reach the merits of arguments that were not properly raised and presented to Judge Lett. Indeed, the Report expressly recognized that "Plaintiff [had] not set forth any public interest factors for the Court's consideration," and "[e]ven if she did, these factors, 'rarely

defeat' a forum non conveniens motion and the practical result is that the forum selection clause should control 'except in unusual cases.'" (DE 28 at 7) (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tx.*, 571 U.S. 49, 64 (2013)). Accordingly, the Court will not consider Plaintiff's new arguments under the guise of objections.

***D. Plaintiff's fifth objection is sustained in part.***

Lastly, Plaintiff objects to the "form of the recommended disposition." (DE 30 ¶ 28). Plaintiff takes issue with the Report not mentioning several representations made by Defendant, including that Defendant "consents to the litigation proceeding in England and Wales, including service of process; that it will not object to jurisdiction, venue, or to any part of a hearing being conducted remotely, including the provision of fact and expert witness evidence; and that it will waive any statute-of-limitations defense provided Plaintiff refiles within six months of an order granting the Motion." (*Id.*) Defendant does not oppose incorporating its representations and invites a dismissal order that lists the conditions noted above as well as a "provision permitting reinstatement if the courts of England and Wales ultimately decline jurisdiction notwithstanding Celebrity's consent." (DE 32 at 20). However, Defendant protests Plaintiff's request that the dismissal require Defendant to stipulate to "the applicability or inapplicability of the limitation regimes identified in Section 12.d of the Ticket Contract." (DE 30 ¶ 30). Defendant argues that Plaintiff's request goes beyond Defendant's express representations.

Upon review of Plaintiff's request, the Court agrees with Defendant. The Court will include the representations contemplated by Defendant; however, the Court will not condition dismissal on a stipulation regarding the applicability or inapplicability of Section 12(d). The Court's decision is underscored by Plaintiff's failure to sufficiently set forth the

basis for its request, identifying the specific prejudices, if any, Plaintiff may face without such language.

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Lett's Report (DE 28) is **AFFIRMED AND ADOPTED**.

2. The Motion to Dismiss (DE 11) is **GRANTED**.

3. This case is **DISMISSED WITHOUT PREJUDICE**. Dismissal is conditioned on the following: (1) Defendant consents to this litigation proceeding in England and Wales; (2) Defendant will not object to jurisdiction and venue being proper in English and Wales; (3) Defendant will not object to Plaintiff's request for remote proceedings; (4) if Plaintiff refiles this matter in the courts of England and Wales within six months, Defendant will waive any statute-of-limitations defense it may have; and (5) Plaintiff may reinstate this action if the courts of England and Wales decline jurisdiction.

4. All deadlines and hearings are **CANCELED**. All pending motions are **DENIED AS MOOT**.

5. The Clerk is **DIRECTED TO CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 29th day of September, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE